STATE of Tennessee, Plaintiff–
Appellant,

v.

Harold Vernon SMITH, Defendant–
Appellee.

Supreme Court of Tennessee,
at Knoxville.

July 1, 1991.

Charles W. Burson, Atty. Gen. & Reporter, James W. Milam, Asst. Atty. Gen., Nashville, for plaintiff-appellant.

James R. Mercer, Greeneville, for defendant-appellee.

OPINION

REID, Chief Justice.

This case presents an appeal by the State from the decision of the Court of Criminal Appeals reversing the trial court's dismissal of appellee's fourth petition for post-conviction relief and remanding the case to the Criminal Court of Greene County for a hearing on the petition. The trial court had dismissed the petition upon finding substantial compliance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and waiver of the grounds asserted for relief. The State has appealed only the issue of waiver. The record supports the trial court's dismissal of the petition.

The appellee-petitioner is serving a life sentence on an habitual criminal conviction rendered in the Criminal Court of Hawkins County in 1981. Three of the convictions supporting the habitual criminal conviction were based on pleas of guilty entered in the Criminal Court of Greene County in January 1971.

Appellee filed his first post-conviction petition in October 1971 in the Criminal Court of Greene County, attacking one of the January 1971 convictions on the grounds of double jeopardy. That petition was dismissed without the appointment of counsel or an evidentiary hearing. The second peti-

46

tion, filed in October 1986 in the Criminal Court of Greene County, attacked the habitual criminal conviction in Hawkins County on the grounds that petitioner's counsel was ineffective because he did not attack the underlying convictions in the habitual criminal proceedings. Dismissal of that petition was affirmed with the observation that the underlying convictions were not subject to collateral attack in the habitual criminal trial. Dismissal of the third petition for post-conviction relief, which was filed in the Criminal Court of Hawkins County in August 1987, also was affirmed by the Court of Criminal Appeals because it was found to be an attack on the habitual criminal conviction rather than the underlying felony convictions.

This fourth petition presently before the Court charges that petitioner did not knowingly and voluntarily waive his constitutional rights when he entered pleas of guilty to felony charges in the Criminal Court of Greene County in 1971 and that judgments of conviction thereon violate the constitutional requirements of *Boykin*, 395 U.S. at 238, 89 S.Ct. 1709. The petition, as initially filed *pro se*, did not state any reason why the *Boykin* issues were not raised in a prior petition. After the appointment of counsel to represent petitioner, the petition still was not amended to allege any reason why the grounds now asserted were not previously raised. The trial court found that the right to assert those grounds had been waived. The Court of Criminal Appeals reversed, holding that the record does not show compliance with the requirements set forth in *Swanson v. State*, 749 S.W.2d 731 (Tenn.1988), and remanded the case to the trial court with instructions that the petition be amended to show why the grounds now asserted were not presented previously and for an evidentiary hearing on waiver, if necessary. The court also suggested an evidentiary hearing on whether the pleas of guilty were knowing and voluntary.

The State, in insisting that the grounds now asserted have been waived, relies only upon the 1971 petition filed in the Criminal Court of Greene County and not on the two subsequent petitions, both of which at-

tacked directly the habitual criminal conviction rather than the predicate convictions. The State acknowledges that based on the Court's decision in *State v. Prince*, 781 S.W.2d 846 (Tenn.1989), failure to include in the second or third petitions an attack on the facially valid judgments does not raise a rebuttable presumption that the right to challenge the underlying convictions entered on pleas of guilty in Greene County is waived. The issue before the Court, therefore, is whether the *Boykin* grounds were waived when not asserted in the 1971 petition.

The Court recently, in *State v. Neal*, 810 S.W.2d 131 (1991), reviewed the procedure whereby pleas of guilty may be accepted and also the procedure for asserting, both on direct appeal and in post-conviction proceedings, claims that guilty pleas were not knowingly and voluntarily entered. The Court stated in *Neal:*

> In a case where the erroneous omission [to warn a defendant of his constitutional rights] is the basis for relief under a post-conviction petition, the defendant-petitioner must *allege* and *prove* the omission, . . . .

810 S.W.2d at 139 (emphasis added). The obligation that the petitioner "allege and prove" grounds for relief includes compliance with the procedural requirements of the Post–Conviction Procedure Act, T.C.A. §§ 40–30–101 to –124, including those regarding waiver. Section 40–30–104 provides in part,

> (a) The petition shall briefly and clearly state:
>
> . . . .
>
> (8) Any appeals and all other applications for relief previously filed including the date decided, the court, the grounds asserted and the result;
>
> . . . .
>
> (10) Facts establishing the grounds on which the claim for relief is based, whether they have been previously presented to any court and, if not, why not.

The Act makes allowance for the need of legal advice in the preparation of a petition

asserting a colorable claim. Section 40–30–107 provides:

> No petition for relief shall be dismissed for failure to follow the prescribed form or procedure until after the judge has given the petitioner reasonable opportunity, with the aid of counsel, to file an amended petition.

The statute contemplates that after counsel has been appointed the petition will be amended, if necessary, so that when the petition is heard all grounds on which the petitioner may rely will be before the court. Section 40–30–115 provides that the trial court "may freely allow amendments and shall require amendments needed to achieve substantial justice and a full and fair hearing of all available grounds for relief." However, the statute makes clear that the limiting effect of § 40–30–112 must be considered in determining "all available grounds for relief." That section provides:

> (b)(1) A ground for relief is "waived" if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented.
>
> (2) There is a rebuttable presumption that a ground for relief not raised in any such proceeding which was held was waived.

These sections, considered together, mean that when a petition for post-conviction relief does not allege facts showing that the grounds asserted for relief were not waived in a prior proceeding in which they could have been presented, the petition does not present a colorable claim for relief and is subject to being dismissed without a hearing.

■ The question now is whether the petition should be dismissed because it does not state a colorable claim for relief or whether the case should be remanded for determination on its merits. The Court of Criminal Appeals noted that counsel did not amend the petition and directed that on remand the petition be amended "to show why these issues [asserting failure to comply with *Boykin*, 395 U.S. at 238, 89 S.Ct.

at 1709] were not previously raised and for compliance with the procedures set forth in *Swanson* [749 S.W.2d at 731]." The posture of this case is substantially different from that of *Swanson*, in which this Court affirmed the Court of Criminal Appeals' decision that the case be remanded for appointment of counsel and an evidentiary hearing. Both the present case and *Swanson* began with a *pro se* petition. However, in *Swanson* the *pro se* petition undertook to explain why the ground asserted could not have been presented in a prior petition. Additionally, after the trial court summarily sustained the State's motion to dismiss, the petitioner filed a motion to reconsider, in which he requested the appointment of counsel and an opportunity to amend the petition. This Court affirmed the Court of Criminal Appeals' reversal of the dismissal, holding that the trial court, under the circumstances of the case, should not have dismissed the petition without the appointment of counsel or an evidentiary hearing.

The *pro se* petition in this case obviously was prepared by someone familiar with the procedural and substantive requirements for attacking constitutionally defective guilty pleas. The petition alleges that petitioner is being illegally restrained of his liberty by the warden of the Morgan County Regional Correction Facility; it identifies by offense and docket number the convictions to which the petitioner entered pleas of guilty; it states that the prior convictions were "included in the grounds for the habitual criminal indictment/judgment;" it specifically charges in appropriate legal terms all the constitutional requirements of *Boykin v. Alabama;* and it asserts, again, in precise language that the judgment is void. The significant, and conspicuous, omission from the petition, which counsel did not amend, is information regarding the three previous applications for relief.

A remand with instructions that the petition be amended would assume that such action is necessary "to achieve substantial justice and a full and fair hearing of all available grounds for relief." T.C.A. § 40–

30–115(a). Petitioner has not sought remand and permission to amend, as did the defendant in *Swanson*. His claim for relief is based on the proposition that "a 'knowing and understanding waiver' standard cannot be extracted from a silent record, despite the presumption created by T.C.A. § 40–30–112." The record shows that counsel has pursued vigorously those issues upon which he relies. The following language from *State v. Higgins*, 729 S.W.2d 288 (Tenn.Cr.App.1987), appears appropriate:

> Counsel was appointed for the appellant and we must presume that if legal reasons existed for not previously presenting these questions to an appropriate court for review, these reasons would have been stated in the petition for post conviction relief or by appropriate amendment thereto.

*Id.* at 290.

The issue of whether there was substantial compliance with *Boykin* in the 1971 proceedings is not before the Court, and the record of that hearing is not a part of the record in this case. However, references in the record with regard to the 1971 hearing at which the guilty pleas were accepted may provide some insight into petitioner's preference that the 1971 guilty pleas remain a "silent record" from which a waiver cannot be presumed. Petitioner's brief in the trial court states that despite his best efforts the transcript of the proceedings has not been found; there is included in the record an affidavit of a court reporter to the same effect. The District Attorney General's brief in the trial court states that a tape recording reveals the substance of the hearing. Based on some information, the source of which is not shown, the trial judge made an extensive finding in his "Memorandum Opinion and Order," a portion of which follows:

> The three convictions of which the petitioner complains were entered in this Court on January 21, 1971. On that date he was convicted of two counts of Grand Larceny and one count of Forgery in cases numbered 2374, 2399 and 2400.
>
> The pleas were entered by the petitioner, who was represented by two respected lawyers, after a jury was empaneled to try case number 2374. While the jury was out and after a discussion with his attorneys, petitioner asked the Court to allow him to plead guilty to the three charges.
>
> The trial court then had the petitioner execute a written waiver of rights, addressed the petitioner about the waiver and plea in open Court and heard sworn testimony of witnesses with an opportunity for the petitioner to cross-examine them, before accepting the pleas.
>
> The written waiver executed by the petitioner and his attorneys states: "the defendant, appearing in person in this cause, and having been fully advised by the Court of the crime charged against him, the punishment which could be meted out if the defendant is found guilty and of his constitutional rights therein, hereby voluntarily pleads guilty to the offense of #2374 Grand Larceny; #2399 Forgery less than $100.00 and #2400 Grand Larceny, waives a jury trial and submits the case to the Court. The defendant also states to the Court that his attorneys being present, Honorable W.E. Bowman and Kyle K. King, has fully informed him of all his rights and that after a full explanation of these rights, the defendant informed his attorneys that he wanted to voluntarily enter pleas of guilty, and to this decision of the defendant said attorneys agrees."
>
> In the trial Judge's allocution of the petitioner he states: "I've thoroughly explained to you that you are entitled to a jury trial if you want it—either on pleas of guilty or not guilty. You do have a right to have a jury pass on it. But you're taking a course which you have a right to do." Later the Judge said: "and Mr. Smith, your rights have been explained to you sir? And you have and your attorneys have handed the Court a paper writing executed by you in which you in case #2374, that's a case in which a jury had been selected, in that case you waive a jury trial and plead guilty to Grand Larceny. There are two other cases here in which a jury has not been

impaneled, # 2399 is a charge of Forgery less than $100.00, case # 2400 is another case of Grand Larceny. And you are entitled to a jury trial if you want it or not—plea not guilty or guilty and let the jury pass on it. But you have taken this course. And have you executed this waiver—pleas of guilty freely and voluntarily sir? No one has forced you to sign this paper? [A]nd are you ready for trial?

At this point, witnesses were called by the state including the victims, officers, and others who testified on the guilt of petitioner. Defense counsel was given an opportunity to cross-examine all witnesses. Exhibits were filed including the statement of the petitioner.

It appears that the procedure followed by the trial judge who accepted the petitioner's pleas of guilty, as set forth in the trial court's finding in this case, afforded the petitioner protection sufficient to meet the requirements of *Boykin*. If a hearing on remand should develop proof as set forth in the trial court's findings, the certain conclusion would be that the pleas of guilty were knowingly and voluntarily entered. *See State v. Neal, supra.*

A fundamental rule of practice is that the issues which may be litigated in a case are limited by the pleadings. *See* Caruthers, *History of a Lawsuit* § 214 (S. Gilreath & B. Aderholt 8th ed. 1963). Referring to the object and purpose of pleading, Caruthers wrote the following:

> Pleading is absolutely essential to the orderly administration of ... justice. Its object and end is to develop the point of difference between the contending parties. This point of difference is called the *issue*, and is the thing to be tried. If it be not disclosed at the trial, the proceedings would be a mere groping in the dark. An unknown point of difference could not be intelligently tried by the court; nor could the parties intelligently prepare for the trial. Hence the necessity for pleading.

*Id.* at § 97 (footnotes omitted) (emphasis in original), The Post–Conviction Procedure Act, in T.C.A. § 40–30–111, provides that the hearing on a petition shall extend to all grounds the petitioner may have except those which have been "waived or previously determined." Since the petition does not address the rebuttable presumption that the grounds for relief have been waived, the petition does not state a colorable claim. It follows that the trial court properly dismissed the petition.

The judgment of the Court of Criminal Appeals is reversed, and the judgment of the trial court dismissing the petition is affirmed.

DROWOTA, O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.