IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1997 SESSION



FILED

July 29, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

EARL CRAWFORD, JR.,           )
                              )
              Appellant,      )      No. 03C01-9610-CR-00385
                              )
                              )      Bradley County
v.                            )
                              )       Honorable Mayo L. Mashburn, Judge
                              )
STATE OF TENNESSEE,           )        (Post-Conviction)
                              )
              Appellee.       )


For the Appellant:                    For the Appellee:

Earl David Crawford, Jr., Pro Se      Charles W. Burson
TDOC #98108                           Attorney General of Tennessee
P.O. Box 279                                and
  (AT TRIAL)                          Sandy R. Copous
                                      Assistant Attorney General of Tennessee
Kenneth F. Irvine, Jr.                450 James Robertson Parkway
606 W. Main St., Suite 350            Nashville, TN 37243-0493
Knoxville, TN 37901-0084
  (ON APPEAL)                         Jerry N. Estes
                                      District Attorney General
                                      203 E. Madison Avenue
                                      Athens, TN 37303-0647




OPINION FILED:_____


AFFIRMED

Joseph M. Tipton
Judge

# O P I N I O N

The petitioner, Earl Crawford, Jr., appeals as of right from the Bradley County Criminal Court's dismissal of his petition for post-conviction relief without the appointment of counsel or the chance to amend the petition. He contends that the trial court erred in dismissing the petition when it was incompetently drafted and that he was entitled to counsel to amend the petition. We affirm the dismissal.

The petitioner was convicted in 1986 of aggravated kidnapping, aggravated rape and armed robbery for which he received two life sentences and a thirty-five-year sentence. On June 28, 1989, the petitioner filed a pleading titled "Petition For Post-Conviction Relief Filing To Be Held in Abeyance." The pleading states that the petitioner intended to file an "original petition for Post-Conviction Relief subsequent to the filing of this petition." In full, the supporting facts are as follows:

> Petitioner is serving two life terms and a thirty five year term out of Bradley County, Criminal Court, and will file post-conviction petition as to the improper and illegal methods utilized by the state to secure said sentences against petitioner.

He also filed a motion seeking to proceed in forma pauperis in which he alleged that he was unable to pay the cost of the action or to employ counsel.[1] On August 10, 1989, the state responded to the petition, asserting that the petitioner failed to show adequate grounds for failing to file a petition within the prescribed statute of limitations and, in fact, failed to file a timely petition before the limitation period expired on July 1, 1989.

---

[1] None of the pleadings filed at that time actually requested the appointment of counsel.

From that point, the case appears to have been dormant until the state filed a motion in May 1996 seeking to dismiss the petition for lack of prosecution.[2]

The trial court dismissed the original petition in June 1996 with prejudice for failure to prosecute. Also in June, the petitioner filed a "Motion for New Trial and the Alternative Notice of Appeal" attaching a petition for post-conviction relief that alleged the ineffective assistance of counsel and an unconstitutional reasonable doubt jury instruction. The trial court denied the motion, reaffirming the original dismissal.

The petitioner asserts that if counsel had been appointed at the time that his petition was filed, his claims could have been litigated years ago. He also contends that the trial court could not dismiss his incompetently drafted petition without giving him the reasonable opportunity, with the aid of counsel, to file an amendment. See T.C.A. § 40-30-115(b) (repealed 1995). He concludes with the statement that summary dismissal of post-conviction claims are disfavored by the Tennessee courts.

Without going into detail, we agree with the basic principles of post-conviction law upon which the petitioner relies. However, as the Tennessee Supreme Court has noted, the prerequisite to the panoply of rights and protections that Tennessee statutes provide for post-conviction petitioners is that the pro se petition must allege a colorable claim.

> This Court has previously held that a pro se petition under the Act is "held to less stringent standards than formal pleadings drafted by lawyers, and the test is whether it appears beyond doubt that the [petitioner] can prove no set of facts in

---

[2]The record indicates that the petitioner filed a petition for writ of habeas corpus in May 1991 which the trial court treated as a petition for post-conviction relief. The trial court dismissed the petition as time barred in July 1991. The record also reflects that under that case's docket number, the trial court entered an order in August 1992 relative to the petitioner's June 1992 motion to ascertain the status of pleading in which he mentions his initial petition to be held in abeyance. The trial court "dismissed" the motion noting that the petitioner "was apparently under the impression that such a motion would have the effect of tolling the running of the statute of limitations on any subsequently filed petition for post conviction relief" and that the May 1991 habeas corpus / post-conviction petition was denied. The record also indicates that the petitioner filed a petition for habeas corpus relief in federal court in January 1996.

3

support of his claim which would entitled him to relief." <u>Baxter v. Rose</u>, 523 S.W.2d 930, 939 (Tenn. 1975) (citation omitted). Furthermore, when a colorable claim is presented in a <u>pro</u> <u>se</u> petition, dismissal without appointment of counsel to draft a competent petition is rarely proper. <u>Id.</u> <u>See</u> <u>also</u> <u>Mayes v. State</u>, 671 S.W.2d 857, 858 (Tenn. Crim. App. 1984). If the availability of relief cannot be conclusively determined from a <u>pro</u> <u>se</u> petition and the accompanying records, the petitioner must be given the aid of counsel.

<u>Swanson v. State</u>, 749 S.W.2d 731, 734 (Tenn. 1988). In <u>State v. Smith</u>, 814 S.W.2d 45, 49 (Tenn. 1991), our supreme court stated that a colorable claim is one that alleges facts showing that the conviction or sentence resulted from an abridgement of a constitutional right and demonstrating that the ground for relief was not previously determined or waived. Under this standard, we believe that the petitioner's allegation that his convictions and sentences were obtained by "improper and illegal methods utilized by the state" fails to state even conclusory constitutional violations, much less a colorable claim.

In fact, it is reasonable to conclude that the petition is what it is titled -- a request to hold his filing of a post-conviction petition in abeyance, not a post-conviction petition itself. Absent very limited reasons, none of which are presented in this case, the petitioner was not entitled to toll the statute of limitations. In any event, his petition alleged nothing of consequence. The judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
Joe B. Jones, Presiding Judge


_____
Curwood Witt, Judge

4