IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
MAY SESSION, 1998

FILED

July 2, 1998

Cecil W. Crowson
Appellate Court Clerk

JERRY DWAINE CAMMUSE,      )
                           )     No. 01C01-9709-CR-00440
        Appellant          )
                           )     DAVIDSON COUNTY
vs.                        )
                           )     Hon. J. Randall Wyatt, Jr., Judge
STATE OF TENNESSEE,        )
                           )     (POST-CONVICTION)
        Appellee           )

For the Appellant:

**Terry J. Canady**
Attorney for Appellant
211 Printer's Alley Bldg.
Suite 400
Nashville, TN 37201

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Elizabeth B. Marney**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**Victor S. (Torry) Johnson III**
District Attorney General

**Rosemary Sexton**
Asst. District Attorney General
Washington Square, Suite 500
222-2nd Avenue North
Nashville, TN 37201

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**OPINION**

The appellant, Jerry Dwaine Cammuse, appeals the dismissal of his petition for post-conviction relief by the Davidson County Criminal Court. On November 30, 1990, a jury found the appellant guilty of twenty-two felonies, resulting in an effective sentence of 150 years imprisonment.[1] His convictions were affirmed on direct appeal to this court. See State v. Cammuse, No. 01C01-9107-CR-00216 (Tenn. Crim. App. at Nashville, Apr. 29, 1992), perm. to appeal denied, (Tenn. Sept. 14, 1992). The appellant filed this *pro se* petition for post-conviction relief in April 1995. In October 1995, following the appointment of counsel, the petition was amended. An evidentiary hearing in this cause was held on April 7, 1997, and the appellant's petition was dismissed by the trial court on May 6, 1997. The appellant appeals this dismissal alleging as error (1) that he was denied the effective assistance of counsel and (2) prosecutorial misconduct.

**Analysis**

A. Ineffective Assistance of Counsel

When a claim of ineffective assistance of counsel is raised, the appellant bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993). With respect to deficient performance, the court must decide whether or not counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To satisfy the

---

[1]The appellant's multiple convictions stem from his unlawful sexual penetration and sexual contact of his three daughters, ages 10, 12 and 14. The convictions include two counts of sexual battery, four counts of aggravated sexual battery, two counts of rape and fourteen counts of aggravated rape.

2

prejudice prong of the Strickland test, the appellant must show a reasonable probability that, but for counsel's ineffective performance, the result of the proceeding would have been different. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. On appellate review, the lower court's findings are conclusive absent a finding that evidence preponderates against the judgment. Clenny v. State, 576 S.W.2d 12,14 (Tenn.Crim.App. 1978), cert. denied, 441 U.S. 947, 99 S.Ct. 2170 (1979).

The appellant alleges that he received the ineffective assistance of counsel both at trial and on appeal. First, he contends that his original appointed attorney, Terry McConnell,[2] after filing a motion to suppress, failed to call two witnesses at the hearing who would have testified that, "Mr. Cammuse had consumed alcohol all day and worked all night with only a couple hours sleep" and was in no "mental state" to give a statement to the police. This argument fails for two reasons. There is no proof in this record that two witnesses existed who would have supported this allegation.[3] See Black v. State, 794 S.W.2d 752, 757 (Tenn.Crim.App. 1990). Bare allegations are insufficient to support proof of the claim. The petitioner in a post-conviction proceeding bears the burden of proving, by a preponderance of the evidence, the allegation in his petition. Davis v. State, 912 S.W.2d 689, 697 (Tenn. 1995).[4] The appellant has failed to meet this burden. Moreover, the issue of the voluntariness of the appellant's statement to the police has been previously determined. Issues that have been previously determined on direct appeal cannot support a petition for post-conviction relief and are, therefore, excluded. See Tenn. Code Ann. § 40-30-111, -112 (a)(1990)(repealed 1995); State v. Denton, 938 S.W.2d 373, 377 (Tenn. 1996). On direct appeal, the appellant argued that his statement to the police was involuntary. Cammuse, No. 01C01-9107-CR-00216. This court, on appeal, accredited the findings

---

[2]Terry McConnell was permitted to withdraw as counsel prior to trial.

[3]At the hearing, post-conviction counsel advised the court that he had attempted to locate the two witnesses but they could not be found.

[4]The appellant's petition was filed in April 1995. Accordingly, the appellant's burden of proof was by a "preponderance of the evidence" as the 1995 Post-Conviction Procedure Act became effective May 10, 1995. Tenn. Code Ann. § 40-30-105 (repealed 1995).

of the trial court concluding that, "the appellant's statement was voluntary, the appellant was rational and coherent in his responses and the appellant's emotional state did not render the statement involuntary."[5] Accordingly, this issue is without merit.

Second, the appellant contends that substituted appointed counsel, Michael Engle, was ineffective for (1) failing to object to hearsay testimony at trial, (2) "allow[ing] perjured testimony during the trial," (3) refusing to ask questions which would have acquitted the appellant, (4) failing to have "an unexplained noise" on the "alleged confession tape" analyzed, and (5) "fail[ing] to prove to the jury that there was an ongoing custody battle between the appellant and his ex-wife." Initially, we note that nowhere is there found within the argument portion of the appellant's brief any reference to the deficient performance of trial counsel Engle. Accordingly, these issues are waived because they are not supported by argument or citation to authority. Tenn. Ct. Crim. R.App.10(b); Tenn. R. App. P. 27(a)7; Harvey v. State, 749 S.W.2d 478, 479 (Tenn. Crim. App. 1987), perm. to appeal denied, (Tenn. 1988).

Notwithstanding this procedural default, the proof before us supports the detailed findings of the trial court, concluding this issue is without merit:

> Senior Assistant Public Defender Engle is a highly experienced and competent criminal defense attorney who represented petitioner in a thorough and diligent manner. In support thereof, the Court points to the following: counsel made numerous contacts with his client in preparation for trial; counsel investigated all allegations of abuse; counsel interviewed several witnesses in preparation for trial, and also reviewed a wealth of information provided by the petitioner; counsel conferred with prior counsel, Attorney Jay Norman, and to that effect, reviewed records of the juvenile court proceedings concerning alleged abuse by the petitioner of his daughters; counsel submitted a lengthy and detailed Motion to Reconsider the trial court's denial of the motion to suppress the statements to police; counsel submitted motions challenging the sufficiency of multiple counts of the indictment, two of which the trial court dismissed, and, in the process, challenged the disappearance of Department of Human Services records which contained information of past investigations of the petitioner; counsel conferred with his client during the trial and discussed the witness list; counsel reviewed proposed

---

[5]We acknowledged that the appellant's challenge to the voluntariness of his statement on appeal was predicated upon the coercive nature of the police. Nevertheless, the issue remains one of voluntariness which was determined after a "full and fair hearing," in both trial and appellate courts. Tenn. Code Ann. § 40-30-112(a).

4

questions submitted by petitioner to be asked in court; counsel called witnesses to testify for the petitioner; counsel conferred with petitioner about testifying prior to petitioner deciding to take the stand; counsel explained the result of the trial to petitioner and also spoke with petitioner's family about the outcome; counsel, at the sentencing hearing, opposed the application of certain aggravating factors and submitted mitigating factors for the court's consideration; counsel filed a Motion for a New Trial raising all pertinent objections; and counsel assisted in the framing of issues for appeal. Finally, according to Counsel Engle, at no time did petitioner complain about the representation he was receiving.

The proof preponderates in favor of these findings.

Finally, the appellant alleges deficient performance of appellate counsel, Jeff DeVasher, on appeal. Again, we find it unnecessary to address the merits of this issue as the issue is not supported by argument. Tenn. Ct. Crim. R. App. 10(b); Tenn. R. App.P. 27(a)(7).[6] This issue is waived.

B. Prosecutorial Misconduct

Next, the appellant contends that the assistant district attorney committed prosecutorial misconduct by "using known perjured testimony" and by "deliberate destruction of all exculpatory material in this matter."[7] The appellant bases this contention on the claim that the detective who arrested the appellant gave "three different statements at two different hearings, and, therefore, all those statements cannot be true." Moreover, the appellant contends that the State again committed misconduct when it claimed it did not have certain records from the Department of Human Services detailing several interviews with the appellant's three daughters, the victims in this case. This issue has been waived because it could have been raised on direct appeal. Tenn. Code Ann. §§ 40-30-111, -112 (repealed 1995). "[W]hen a

---

[6]Included within the appellant's ineffective assistance of counsel claim are the additional assertions that (1) the reasonable doubt jury instruction was unconstitutional, (2) the indictment was fatally deficient, and (3) the indictments were altered. These issues are also waived because they were not designated as issues or contained within the statement of the issues presented for review and because they were not briefed. Tenn.R.App.P. 27(a)(4), - (a)(7).

[7]The trial court, at the post-conviction hearing, found no merit to this claim, concluding: ". . . the Court is of the opinion that absolutely no credible evidence has been presented that would warrant such a finding. . . . In the Court's judgment, petitioner's assertions of misconduct are based entirely on unfounded speculation." We agree with this finding.

petition for post-conviction relief does not allege facts showing that the grounds asserted for relief were not waived in a prior proceeding in which they could have been presented, the petition does not present a colorable claim for relief and is subject to dismissal." State v. Smith, 814 S.W.2d 45, 47 (Tenn. 1991); see also Tenn. Code Ann. § 40-30-112(b)(1).  This issue is without merit.

For the foregoing reasons, the judgment of the trial court dismissing the appellant's petition for post-conviction relief is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:


_____
GARY R. WADE, Presiding Judge


_____
JERRY L. SMITH, Judge