IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 5, 2019

**MARCUS RHODES v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County
Nos. 16-00690, 16-00691   J. Robert Carter, Jr., Judge**

_____

**No. W2018-01220-CCA-R3-PC**

_____

The Petitioner, Marcus Rhodes, appeals the post-conviction court's denial of his petition for post-conviction relief in which he challenged the validity of his guilty pleas to attempted second degree murder, reckless endangerment, three counts of aggravated assault, and two counts of attempted aggravated robbery, for which he received an effective ten-year sentence.  On appeal, the Petitioner contends that his trial counsel was ineffective and that his guilty pleas were not knowingly and voluntarily entered. Specifically, he contends that trial counsel and the trial court misinformed him regarding his potential sentencing exposure if convicted at trial.  We conclude that the Petitioner has waived this issue, and we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

Phyllis Aluko, Chief Public Defender, and Robert Felkner (at hearing) and Tony N. Brayton (on appeal), Assistant Public Defenders, for the appellant, Marcus Rhodes.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Amy P. Weirich, District Attorney General; and Alyssa Hennig, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL BACKGROUND**

The Petitioner's convictions stem from two separate indictments and involve five victims.  In indictment number 16-00690, he was charged with attempted second degree

murder of Mr. Bobby Hopper, attempted aggravated robbery of Mr. Hopper, three counts of aggravated assault against Mr. Hopper and two other victims, employing a firearm during the commission of a dangerous felony, and reckless endangerment of a fourth victim, all of which occurred on September 27, 2015. The Petitioner was charged in indictment number 16-00691 with attempted aggravated robbery of Mr. Shaun Kent on September 26, 2015. The Petitioner pled guilty to attempted second degree murder, two counts of attempted aggravated robbery, three counts of aggravated assault, and reckless endangerment. Pursuant to the plea agreement, the State dismissed the firearm charge, and the trial court sentenced the Petitioner to concurrent sentences of ten years for attempted second degree murder, six years for each count of attempted aggravated robbery, three years for each count of aggravated assault, and two years for reckless endangerment to be served as a Range I, standard offender at 30%.

During the plea hearing, the prosecutor provided a factual basis for the guilty pleas. According to the prosecutor, on September 26, 2015, Mr. Kent was outside his apartment when the Petitioner approached him, pointed a black revolver at him, and demanded his possessions. Mr. Kent ran, and the Petitioner chased him. Mr. Kent evaded the Petitioner and reported the incident to the police.

The next day, police officers responded to an address where Mr. Bobby Harper reported that the Petitioner approached him, pointed a gun at his head, and demanded money. Mr. Harper ran to his truck, and the Petitioner fired one shot at Mr. Harper's head, narrowly missing him. Mr. Harper retrieved his firearm and shot the Petitioner multiple times. The Petitioner fled the scene in a Chevrolet Malibu. Officers subsequently located the car with the Petitioner still in it. The Petitioner got out of the car and fell to the ground where he remained until emergency personnel arrived. The officers located a handgun in the seat of the Petitioner's car.[1]

During the plea hearing and in response to questioning by the trial court, the Petitioner acknowledged that trial counsel reviewed the guilty plea form with him. The Petitioner affirmed that he understood that by entering a guilty plea, he was waiving his right to a jury trial. Although the Petitioner was indicted for attempted second degree murder, the trial court informed the Petitioner that he was charged in the first count with a Class A felony, which "carries fifteen to sixty years in the penitentiary and it's … a non-parole offense, I guess, it's eighty-five percent." The Petitioner affirmed that he understood. The trial court then stated that trial counsel "has gotten the State to agree to reduce this charge to criminal attempt murder second degree, it still carries eight to thirty years in the penitentiary. In your case[,] it's a ten-year sentence as a range one standard

---

[1] The State did not mention the other three victims involved in the criminal episode in reciting a factual basis for the pleas.

- 2 -

offender, that means it's a thirty percent release eligibility." The Petitioner responded that he believed the trial court's summary of the plea negotiations was correct. The trial court then reviewed the remaining charges to which the Petitioner was pleading guilty, the sentencing range for each charge, and the sentences that the Petitioner was to receive for each charge. The Petitioner affirmed his understanding of the plea agreement.

The Petitioner agreed that he was freely and voluntarily entering the guilty plea, that no one had threatened him, that he had discussed the terms with trial counsel and his family, that entering the plea was his decision, and that he understood the terms of the plea agreement. Trial counsel requested that the trial court order the Petitioner to serve his sentence in the penal farm. The trial court responded, "I'll sentence him there and see. I can't guarantee it but that's where I'll send him."

The judgments were entered on June 6, 2016, showing that the Petitioner was to serve his sentences in the workhouse. The judgment for the attempted second degree murder conviction listed the indicted offense as attempted first degree murder. On June 20, the trial court entered an amended judgment for the attempted second degree murder conviction, reflecting that the Petitioner was to serve his sentence in the Tennessee Department of Correction ("TDOC").

In June 2017, the Petitioner filed a pro se petition for post-conviction relief, challenging his convictions in indictment number 16-00690. He alleged that trial counsel was ineffective in failing to properly investigate the case and file motions, that trial court advised him that he would only serve thirty-six months in prison if he entered the plea agreement, that trial court failed to advise him that he would be sentenced for each charge, that trial counsel advised him that a jury would automatically convict him due to his race, and that trial counsel failed to meet with him at the jail to discuss the case. The post-conviction court entered an order, finding that the Petitioner had alleged a colorable claim and appointing counsel. Post-conviction counsel filed an amended petition to include indictment number 16-00691 and otherwise adopted the Petitioner's pro se petition.

At the evidentiary hearing, the Petitioner testified that another attorney represented him at the preliminary hearing and that he retained trial counsel after he was indicted. The Petitioner testified regarding his claims that trial counsel failed to properly meet with him and investigate his case and that he agreed to plead guilty because he believed he would be serving his sentence in the workhouse rather than with TDOC. The Petitioner stated that he was originally charged with attempted first degree murder, but he was indicted on attempted second degree murder. He said trial counsel originally told him that the plea offer was for fifteen years. Trial counsel then returned and informed him that the State made a plea offer of ten years at thirty percent. The Petitioner said he

understood that he would be housed in the workhouse and that the State was reducing his attempted first degree murder charge to attempted second degree murder and dismissing his firearm charge. He acknowledged that he was indicted for attempted second degree murder and not attempted first degree murder. He maintained that when he entered the guilty pleas, he believed that the attempted first degree murder charge was reduced to attempted second degree murder because it was reflected in the judgment and the trial court informed him during the plea hearing that trial counsel had persuaded the State to reduce the charge to attempted second degree murder.

The Petitioner testified that trial counsel also informed him that he was facing a minimum fifteen-year sentence on the attempted first degree murder charge even though he had been indicted on attempted second degree murder. The Petitioner stated that trial counsel's erroneous statement that he faced a minimum fifteen-year sentence "unfairly influenced" his decision to enter the guilty plea. The Petitioner acknowledged that he was advised that if he was convicted at trial, he could have been required to serve his sentences for the convictions consecutively. He also acknowledged that as a result, his exposure on the three aggravated assault charges involving three separate victims was nine to eighteen years. He agreed that his exposure was greater than the ten-year sentence that he received and stated that he was willing to take a chance of a greater sentence if convicted at trial if post-conviction relief was granted.

On cross-examination, the Petitioner acknowledged that trial counsel informed him of his charges and his possible sentence on each charge. He stated that both trial counsel and the trial court misinformed him that he was facing a fifteen-year sentence for attempted first degree murder and that trial counsel was able to convince the State to reduce the charge to attempted second degree murder. The Petitioner acknowledged that he was facing charges in addition to the attempted murder charge and that he could have received a six-year consecutive sentence on the firearm charge.

Trial counsel testified that he was a friend of the Petitioner's uncle and was retained to represent the Petitioner. Trial counsel testified regarding his meeting with the Petitioner on multiple occasions, his review of the discovery, and his assessment of the State's case against the Petitioner. Trial counsel stated that while he requested that the Petitioner be allowed to serve his sentence in the workhouse, he informed the Petitioner that there was no guarantee that he would serve his sentence there.

Trial counsel testified that he reviewed the indictments and the possible sentences with the Petitioner and that he informed the Petitioner that he was charged with attempted second degree murder. Trial counsel said the judgment sheet's reflection that the Petitioner was originally charged with attempted first degree murder was an error. Trial

- 4 -

counsel stated that after he reviewed the facts thoroughly with the Petitioner, the Petitioner decided that it was in his best interest to accept the plea deal.

On cross-examination, trial counsel testified that the Petitioner's exposure on the attempted second degree murder charge was "15 to 25 years." He noted that the Petitioner had additional charges involving multiple victims. He agreed that the Petitioner was indicted on attempted second degree murder and not attempted first degree murder.

The post-conviction court entered an order denying post-conviction relief. The court found that the Petitioner failed to establish that trial counsel was deficient in his representation. The court also found that that the Petitioner voluntarily entered a plea "with the hope of, but no guarantees," as to the location where he would serve his sentence. The court also entered an amended judgment on the attempted second degree murder conviction, reflecting that the Petitioner was to serve his sentence in the workhouse.

## ANALYSIS

The Petitioner contends that he did not enter his guilty plea knowingly, voluntarily, and intelligently because trial counsel and the trial court misinformed him of his potential exposure on the attempted second degree murder charge if he chose to proceed with a trial. The Petitioner maintains that trial counsel's "error, informing the [P]etitioner that he faced potentially twenty-five (25) years confinement on count one of the indictment, was compounded by the trial judge incorrectly informing him that he was charged with a Class [A] Felony which carried a punishment from fifteen (15) to sixty (60) years imprisonment." The State responds that the Petitioner waived the issue by failing to raise it in the post-conviction court. The Petitioner did not file a reply brief addressing the waiver issue. We agree with the State that the issue is waived.

The Post-Conviction Procedure Act provides for relief when a petitioner's "conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. The burden of proving allegations of fact by clear and convincing evidence falls to the petitioner seeking relief. T.C.A. § 40-30-110(f). The post-conviction court's findings of fact are binding on the appellate court unless the evidence preponderates against them. *Kendrick v. State,* 454 S.W.3d 450, 457 (Tenn. 2015). Accordingly, the reviewing court defers to the post-conviction court's findings regarding the credibility of witnesses, the weight and value of witness testimony, and the resolution of factual issues. *Id*. Questions of law and mixed questions of law and fact are reviewed de novo. *Id*.

A post-conviction petition must include "all claims known to the petitioner for granting post-conviction relief." T.C.A. § 40-30-104(d); *see* T.C.A. § 40-30-106(d) (stating that the petition must "contain a clear and specific statement of all grounds upon which relief is sought"); Tenn. Sup. Ct. R. 28, § 5(E) ("The petition shall contain … each and every error that petitioner asserts as a ground for relief, including a description of how petitioner was prejudiced by the error(s)."). This court has allowed "'a petitioner to present an issue for the first time at a post-conviction evidentiary hearing, even if it was not listed in his petition, and still obtain appellate review of the issue.'" *Kenneth Hayes v. State*, No. W2016-01522-CCA-R3-PC, 2017 WL 3106918, at *8 (Tenn. Crim. App. July 17, 2017), *no perm. app. filed* (quoting *Timothy Lamont Thompson v. State*, No. M2015-00846-CCA-R3-PC, 2016 WL 496996, at *4 n.1 (Tenn. Crim. App. Feb. 9, 2016) (citing cases)). However, "[i]t is a well-established rule that this court will not address post-conviction issues that were not raised in the petition or addressed by the post-conviction court." *Joshua L. Carter v. State*, No. M2017-02401-CCA-R3-PC, 2018 WL 3770036, at *17 (Tenn. Crim. App. Aug. 8, 2018), *perm. app. denied* (Tenn. Nov. 14, 2018) (citing *Brown v. State*, 928 S.W.2d 453, 457 (Tenn. Crim. App. 1996); *State v. Smith*, 814 S.W.2d 45, 49 (Tenn. 1991)). While there was limited testimony during the post-conviction hearing regarding the advice that the Petitioner received about his potential exposure on the attempted murder charge, the Petitioner did not raise the issue as a basis for relief in his post-conviction petition; the post-conviction court did not argue the issue as a basis for relief during the evidentiary hearing; and the post-conviction court did not address the issue in its order denying the petition. Accordingly, we conclude that the issue is waived.

## CONCLUSION

Upon reviewing the record, the parties' briefs, and the applicable law, we affirm the judgment of the post-conviction court.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE