IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 17, 2019

**RICHARD WAYNE PEACOCK, JR., v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Bedford County**
**No. 18560     Forest A. Durard, Jr., Judge**

_____

**No. M2018-02220-CCA-R3-PC**

_____

The Petitioner, Richard Wayne Peacock, Jr., appeals the post-conviction court's denial of his petition for post-conviction relief in which he challenged his conviction for initiating the process to manufacture methamphetamine.  On appeal, the Petitioner alleges that he received ineffective assistance of counsel based on trial counsel's failure to negotiate a more favorable plea.  After a review of the record and applicable law, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Matthew J. Crigger (on appeal), Brentwood, Tennessee; and Andrew Self (at hearing), Shelbyville, Tennessee, for the appellant, Richard Wayne Peacock, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Robert J. Carter, District Attorney General; and John Cawley, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS AND PROCEDURAL HISTORY**

The Petitioner was indicted on simple possession of methamphetamine, possession of drug paraphernalia, and initiating the process to manufacture methamphetamine.  The Petitioner entered a guilty plea to initiating the process to manufacture methamphetamine in violation of Tennessee Code Annotated section 39-17-435, and the State dismissed the possession charges.  Pursuant to the plea agreement, the Petitioner received a twelve-year

sentence to be served consecutively to his conviction in case number 18559, a felony failure to appear conviction with a sentence of three years.

According to the prosecutor's recitation of facts at the plea hearing, members of the Bedford County Sherriff's Department were searching for the Petitioner so that they could serve warrants on him. The officers had information that the Petitioner was residing at a home in Bedford County. When the officers arrived at the home, Ms. Vicky Peacock, the Petitioner's mother, greeted them and informed the officers that the Petitioner was in a shed in the back yard. The officers knocked on the door of the shed, and the Petitioner answered the door. The officers immediately smelled a strong chemical order that they believed indicated methamphetamine was being manufactured.

The officers proceeded to take the Petitioner into custody and conducted a protective sweep of the shed to make sure that no one else was in the shed. The officers procured written consent to search the shed from Ms. Peacock. Inside the shed, the officers found aluminum foil, a baggie with white residue, a glass bottle with holes punched in the top, and a one quart Gatorade bottle that appeared to have been used to produce methamphetamine through the "shake" method. Officers also found a black pouch that contained several plastic baggies, scales, and a coffee filter that contained a small amount of white powder residue. The officers conducted a field test on the white residue, and it tested positive for methamphetamine. Additionally, the officers found a camouflage bag that contained a glass bong, a white gallon jug without a label believed to contain muriatic acid, a bag of Epsom salt, and a bottle of lighter fluid.

After the prosecutor finished reciting the facts, the trial court recited the elements of the offense of initiation of the process to manufacture methamphetamine, and the Petitioner indicated that he understood the elements of the offense and had discussed the offense with trial counsel. The trial court also explained the Petitioner's charges for felony failure to appear. At that point, the trial court stated, "We've talked about the law in the case and the facts of this case[.] [I]s it your intention here today to enter a plea of guilty to these charges?" To which, the Petitioner responded, "Yes, sir." The trial court then asked, "And are you in fact guilty?" The Petitioner answered, "Yes, sir." The trial court questioned the Petitioner regarding whether he was entering his plea voluntarily, and the Petitioner indicated that he was.

The Petitioner filed a pro se petition seeking post-conviction relief alleging that trial counsel failed to provide him with evidence that he believed was favorable in his defense. The Petitioner also argued that there was insufficient evidence to support his conviction for initiating the manufacture of methamphetamine because certain ingredients used to manufacture methamphetamine were not found during the search, including pseudoephedrine, lithium, sodium hydrochloride, and ammonium nitrate. The

- 2 -

post-conviction court appointed counsel, and post-conviction counsel filed an amended petition for post-conviction relief, which incorporated the Petitioner's pro se petition. The amended petition also asserted that trial counsel was ineffective for failing to: 1) investigate all possible defenses; 2) file a motion to compel the production of certain pieces of evidence; 3) challenge the consent to search form; and 4) file a motion to dismiss for insufficient evidence.

Trial counsel did not testify at the post-conviction hearing because he passed away shortly before the hearing. The Petitioner testified that he believed that trial counsel should have filed a "motion to dismiss for insufficient evidence." The Petitioner acknowledged that trial counsel filed a motion to suppress the evidence found during the search of the shed. The Petitioner said that trial counsel advised him that he should accept the plea that the State had offered and that he and trial counsel spoke at length about the charges he faced. He claimed that trial counsel failed to provide him with color copies of the photographs law enforcement took of the evidence in the shed. The Petitioner testified that he had to explain the differences between the promotion of the manufacture of methamphetamine and initiating the manufacture of methamphetamine to trial counsel.

On cross-examination, the Petitioner acknowledged that his pending felonies were reduced to misdemeanors as a result of his plea agreement. He recalled trial counsel discussing the photographs that he received in discovery but alleged that trial counsel never discussed the specifics of the photographs or provided him with color copies of the photographs. The Petitioner discussed the ingredients found during the search and asserted that several ingredients that were required to manufacture methamphetamine were not found during the search of the shed.

Ms. Peacock, the Petitioner's mother, testified at the post-conviction hearing that she was present when the Petitioner was arrested. She stated that trial counsel did not answer or return her phone calls. She recalled speaking to trial counsel on one occasion at his office. Ms. Peacock testified that a clean-up crew never came to her house to clean or determine if the shed was considered a contaminated area. She also said the shed was never quarantined.

The prosecutor who represented the State during the negotiations in the trial court testified on behalf of the State. The prosecutor testified that he provided trial counsel with a compact disc that contained the photographs trial counsel allegedly did not provide to the Petitioner. He recalled meeting with trial counsel on numerous occasions regarding the Petitioner's case. The prosecutor stated that trial counsel "was very diligent at discovery, various motions, negotiations, I met with him I would say more than a dozen times just on this case." The prosecutor recalled that the Gatorade bottle was not

tested, but the residue found on the coffee filter tested positive for methamphetamine. He testified that he and trial counsel discussed amending the indictment and allowing the Petitioner to plead guilty to promotion of the manufacture of methamphetamine, but the prosecutor declined to amend the indictment. The prosecutor noted that he agreed to the minimum within-range sentence, which was something that he typically refused to do.

On cross-examination, the prosecutor noted that the Petitioner was also charged with simple possession of methamphetamine as a result of the residue found in the coffee filter. When asked why the Tennessee Bureau of Investigation ("TBI") did not test the Gatorade bottle that was believed to be a "shake" bottle, the prosecutor explained that he believed the TBI would not test these types of items and that the Gatorade bottle was destroyed.

The post-conviction court issued a very thorough written order denying the Petitioner relief. Specifically, the post-conviction court found that trial counsel was not ineffective for: 1) receiving "incomplete and vague discovery;" 2) discovery not containing photographs of the evidence found during the search; 3) discovery not including lab results of the testing of the Gatorade bottle; 4) failing to question Sergeant Daugherty regarding his promise not to call cleanup crew; 5) failing to challenge the consent to search for signed by Ms. Peacock; 6) failing to challenge the search; 7) failing to challenge the sufficiency of the evidence or moving to dismiss the indictment; 8) failing to fully investigate the case; and 9) failing to compel the State to produce the container of muriatic acid and Epson salt.

**ANALYSIS**

The Petitioner maintains that trial counsel was ineffective for advising him to plead guilty and for failing to effectively negotiate a reduced charge with the State. We conclude that this issue, which was not raised in the petition, not raised at the hearing, and not ruled on by the post-conviction court, has been waived. A petitioner is entitled to post-conviction relief from any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. The petitioner has the burden of proving the allegations of fact in the petition by clear and convincing evidence. T.C.A. § 40-30-110(f); *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009). "'Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Grindstaff*, 297 S.W.3d at 216 (quoting *Hicks v. State*, 983 SW.2d 240, 245 (Tenn. Crim. App. 1998)). The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates against them. Tenn. R. App. P. 13(d); *Dellinger v. State*, 279 S.W.3d 282, 294 (Tenn. 2009).

- 4 -

A post-conviction petition must include "all claims known to the petition for granting post-conviction relief." T.C.A. § 40-30-104(d); *see* T.C.A. § 40-30-106(d) (stating that the petition must "contain a clear and specific statement of all grounds upon which relief is sought"); Tenn. Sup. Ct. R. 28, § 5(E) ("The petition shall contain … each and every error that petitioner asserts as a ground for relief, including a description of how petitioner was prejudiced by the error(s)."). This court has allowed "'a petitioner to present an issue for the first time at a post-conviction evidentiary hearing, even if it was not listed in his petition and still obtain appellate review of this issue.'" *Kenneth Hayes v. State*, No. W2016-01522-CCA-R3-CD-PC, 2017 WL 3106918, at *8 (Tenn. Crim. App. July 17, 2017), *no perm. app. filed* (quoting *Timothy Lamont Thompson v. State*, No. M2015-00846-CCA-R3-PC, 2016 WL 496996, at *4 n.1 (Tenn. Crim. App. Feb. 9, 2016) (citing cases)). However, "[i]t is a well-established rule that this court will not address post-conviction issues that were not raised in the petition or addressed by the post-conviction court." *Joshua L. Carter v. State*, No. M2017-02401-CCA-R3-PC, 2018 WL 3770036, at *17 (Tenn. Crim. App. Aug. 8, 2018), *perm. app. denied* (Tenn. Nov. 14, 2018) (citing *Brown v. State*, 928 S.W.2d 453, 457 (Tenn. Crim. App. 1996); *State v. Smith*, 814 S.W.2d 45, 49 (Tenn. 1991)).

Here, there was limited testimony during the post-conviction hearing regarding trial counsel's negotiations with the prosecutor. However, the Petitioner did not argue that trial counsel was ineffective for failing to effectively negotiate a reduced charge with the State as a basis for relief in his written petition or amended petition for post-conviction relief. Additionally, the Petitioner did not argue this issue during the post-conviction hearing, and the post-conviction court did not address this issue in its written order denying relief. Accordingly, we conclude that this issue is waived. *See Marcus Rhodes v. State*, No. W2018-01220-CCA-R3-PC, 2019 WL 1996912, at *4 (Tenn. Crim. App. May 6, 2019), *no perm. app. filed* (concluding the petitioner waived appellate review of an issue when he failed to raise the issue in his post-conviction petition and during the post-conviction evidentiary hearing, even when there was limited testimony regarding the issue, and the post-conviction court did not address the issue).

## CONCLUSION

Based on the foregoing, the judgment of the post-conviction court is affirmed.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE

- 5 -