IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 5, 2019

## MARCHELLO GOSSETT v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Tipton County**
**No. 8083      Joe H. Walker, III, Judge**

_____

### No. W2019-00364-CCA-R3-PC

_____

A Tipton County jury convicted the Petitioner, Marchello Gossett, of one count of possession with intent to deliver .5 grams or more of cocaine and two counts of felony possession of a handgun. On appeal, this court affirmed the convictions. *State v. Marchello Karlando Gossett*, No. W2015-02414-CCA-R3-CD, 2017 WL 1163683, *1 (Tenn. Crim. App., at Jackson, March 28, 2017) *perm. app. denied* (Tenn. Aug. 18, 2017). The Petitioner filed a post-conviction petition, claiming that he received the ineffective assistance of trial counsel and prosecutorial misconduct. After a hearing, the post-conviction court denied relief. On appeal, the Petitioner maintains that he received the ineffective assistance of counsel at trial. After review, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Monica A. Timmerman, Bartlett, Tennessee, for the appellant, Marchello Gossett.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Mark E. Davidson, District Attorney General; and Sean G. Hord, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION
### I. Facts

The underlying case for this appeal arises from a controlled drug buy between the Petitioner and a confidential informant on May 14, 2013, and the execution of a search warrant at the Petitioner's residence that same afternoon. Based on evidence found during the search, a Tipton County grand jury indicted the Petitioner, in case number

7824, for one count of simple possession of marijuana; one count of simple possession of codeine; two counts of felony possession of a handgun; one count of possession of .5 grams or more of cocaine with the intent to deliver; one count of possession of .5 grams or more of cocaine with intent to deliver, having been convicted previously of three class B felonies; and one count of possession of drug paraphernalia.

On April 3, 2014, the trial began. After voir dire, but before the jury was sworn, the State requested ruling on a Rule 404(b) motion regarding prior acts by the Petitioner. We provide the following summary of the 404(b) hearing from this court's opinion in the direct appeal as follows:

The State argued:

[T]here was a search warrant executed at 7673 Richardson Landing in Drummonds in Tipton County by the Tipton County Sheriff's Office and that it was based on a controlled buy which happened, according to the search warrant, within 72 hours of the execution on May 14, which was in the afternoon of May 14, 2013.

At the execution of the search warrant there was found to be buy money from the sale of $70 worth of cocaine, which actually was analyzed by the TBI lab to be 0.25 grams. There was some text messaging back and forth on that day of May 14 between [the [Petitioner]] and the undercover person, who was [the confidential informant] and the purchase was made actually that morning. And on the execution of the search warrant the very prerecorded $70 in miscellaneous currency, which will be described, was found under [the [Petitioner]] while he was asleep on the bed.

So we have the situation in this case, obviously the important element as far as the State is concerned, and certainly the [Petitioner], is how this cocaine, which was obtained on the execution of the search warrant, was possessed. Was it simple possession? Was it possession with intent?

And the officer who is available to testify would testify regarding the purchase which was in the morning of May 14, 2013, for which he has actually the pre-recorded money used in that purchase which was found under [the [Petitioner]]. He can testify about his observance of the transaction on a video which was obtained as a

result of this undercover buy, which was also the basis of the search warrant.

In addition to this, Your Honor, there was a series of drug transactions about which Investigator [ ] Chunn can testify. One was on May 8, 2013, for $90 worth of crack cocaine, which was purchased from [the [Petitioner]]. Again, he, the officer, viewed the videotape of this transaction involving the same confidential source.

On May 9, 2013, Investigator Chunn was involved in an undercover buy from [the [Petitioner]] for what was analyzed to be 0.61 grams of crack cocaine, again involving the same confidential source and [the [Petitioner]].

All of these purchases were at 7673 Richardson Landing.

Also there was a purchase on the next day May 10, 2013, from [the [Petitioner]], using the same confidential source, involving Investigator [ ] Chunn. Again, videotapes on all of these transactions and lab report[s] on all of these transactions. In this case, 0.37 grams of cocaine.

In all of the cases the officer was involved in the controlled buy, monitored the situation, and viewed the videotapes.

We think that all of these transactions should be admissible, the events of May 8, May 9, May 10, but certainly, certainly the event of May 14, in that that recorded money was actually found under [the [Petitioner]] when the search warrant was executed.

Under 404(b), Your Honor, there are a lot of cases for the proposition that prior events of drug selling are admissible on charges of drug selling or possession with intent.

The State continued:

We think it would be a disservice to the State and not unduly burdensome on the [Petitioner] that evidence should come in that when the search warrant was executed on the afternoon of May 14, the officers found all of the recorded currency which had been used in the purchase of cocaine from [the [Petitioner]] hours before, for

which there was a videotape of that transaction and for which there was a lab report that indicated 0.25 grams of Schedule II cocaine. We think it's highly relevant, Your Honor, to the only real issues in the case, in the State's opinion, which is the intent of the [Petitioner].

The State then proposed:

I would offer for [the [Petitioner]'s] consideration by his lawyer and in consultation with him that the State—what the State intends to do is in July to indict [the [Petitioner]] for the facts in 7824 and also those at this point uncharged events of May 8, 9, 10, and 14. The State is going to do that.

If [the [Petitioner]] is agreeable to just going forward with that information on the prior sale of May 14 coming in, then the State will never charge him further on the other events; that is, there will be evidence of a May 14 delivery, but he will not be further charged in that case, nor on the events of May 8, 9, and 10.

. . . .

So in other words, we could go—the State would be willing to go forward today if we get in that evidence. Otherwise, the State would move to [dismiss] the case with the clear understanding by [the [Petitioner]] we're going forward with everything in July, or attempting to.

Defense counsel responded that "this would be a very different conversation if [she] had ever been allowed in the past to ask anything about the confidential informant's buy." Defense counsel stated that she had no information about "other buys on May 8, 9, and 10." Moreover, defense counsel stated that she had not been provided the text messages between the [Petitioner] and the confidential informant or the video of the drug buy from May 14, 2013. Defense counsel argued that, if the Rule 404(b) evidence that the trial court had previously ruled was inadmissible was allowed to be introduced at trial, the defense would be "completely unprepared" and "forced to move for a continuance[.]"

The trial court allowed the [Petitioner] time to discuss the matter with defense counsel during a lunch break. Following the break, defense

- 4 -

counsel announced that the [Petitioner] would not stipulate to the introduction of the evidence. Defense counsel stated:

> [I]t's the defense's position that at this point I could not go forward, I could not consent to go forward on trial today with information about the alleged buy, because I don't have any information about the marked money at all. If the State wants to provide me with the information that they intend to present and allow me an opportunity to review it and know whether or not I could in fact go forward with trial based on that information, then I would ask the Court for a continuance to do that. But short of that opportunity, I could not provide effective assistance with so little knowledge about a vital aspect of this case.

The trial court sustained the [Petitioner]'s objection to the admission of the evidence "due to the way the case had developed up to that point." Upon the trial court's ruling, the State entered a nolle prosequi in case number 7824, with the expressed intent to re-indict the [Petitioner] in July 2014.

*Marchello Karlando Gossett*, 2017 WL 1163683, *2-4.

Following the dismissal of case number 7824, a Tipton County grand jury indicted the Petitioner, in case number 8083, for two counts of delivery of .5 grams or more of cocaine; two counts of delivery of less than .5 grams of cocaine; two counts of possession of .5 grams or more of cocaine with intent to deliver; one count of possession of .5 grams of cocaine or more with intent to deliver, having been convicted previously of three Class B felonies; and two counts of felony possession of a handgun. The case went to trial, and the jury convicted the Petitioner of one count of possession with intent to deliver .5 grams or more of cocaine and two counts of felony possession of a handgun. The trial court sentenced the Petitioner to serve thirty years in the Tennessee Department of Correction, and this court affirmed the trial court's judgments. *Id*. at *1.

The Petitioner filed a post-conviction petition, claiming ineffective assistance of counsel and prosecutorial misconduct. In his petition the Petitioner alleged that his trial counsel failed to: (1) properly impeach a witness, (2) properly assert the Petitioner's right to a speedy trial, (3) waive the statute of limitations on lesser-included offenses, (4) "demonstrate the delay incurred as a result of the violation of Petitioner's due process," and (5) request relevant information from the State regarding the confidential informant. As to prosecutorial misconduct, the Petitioner alleged that: (1) the State engaged in vindictive conduct as a result of the Petitioner's refusal to allow 404(b) evidence to be

admitted; and (2) the State committed prosecutorial misconduct by failing to turn over the identity and criminal history of the confidential informants in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). On appeal, however, the Petitioner maintains only that trial counsel was ineffective. He now asserts that trial counsel was "rendered" ineffective: (1) "when she was forced to make a decision that would either admit inadmissible, and highly prejudicial, evidence against the [Petitioner] or subject the [Petitioner] to further, more serious charges;" and (2) "when the State failed to disclose information pertaining to Investigator Chunn's ongoing criminal investigation." The post-conviction court held a hearing on the petition and the parties presented the following evidence:

The Petitioner's attorney at trial ("Counsel") testified that she represented the Petitioner on case number 7824 through dismissal and case number 8083 through the trial. Counsel explained that case number 7824 related to items recovered during the May 14, 2013 search of the Petitioner's residence and case number 8083 included additional charges for controlled buys occurring on May 9, 10, and 11, 2013. Counsel recalled filing a motion to suppress the evidence seized during the search of the Petitioner's residence and a motion to compel information about the confidential informant, which the trial court denied.

Counsel testified about the circumstances surrounding the dismissal of case number 7824. She stated she had filed a 404(b) motion to exclude any testimony about the confidential buys since those incidents were not indicted in case number 7824 and thus irrelevant to the proceedings. On the morning of trial, after the jury had been selected but not yet sworn in, the State requested that Counsel agree to admission of information about the controlled buys or the State would dismiss the case and re-indict adding offenses related to the controlled buys. Counsel said that she had not been given any of the information about the controlled buys, which included text messages and four videos. Counsel met with the Petitioner during the lunch break and they discussed "what would happen if [they] went forward to trial, what the evidence was expected to be, the fact that [they] didn't have [this evidence] beforehand, what kind of preparation should have gone into it, and . . . how [they] wanted to proceed." Ultimately, the Petitioner told Counsel to tell the State to "dismiss it and re-indict it," and then they could file a motion to dismiss for prosecutorial misconduct.

Counsel testified that, after the State indicted the Petitioner again in case number 8083, she filed a motion alleging that the Petitioner was denied his right to a speedy trial and due process, and that the State had committed vindictive prosecution. She later filed a supplemental memorandum of law on the prosecutorial vindictiveness. The motion was heard and the trial court denied the motion. Counsel also successfully filed a motion to

sever the offenses to force the State to carry their burden of proof for each individual date.

Counsel testified that after the trial, she learned of a year-long TBI investigation "where [Investigator Chunn] had been under surveillance for purchasing marijuana." Counsel was unaware of when the investigation started so did not know if there was any "overlap[ ]" with the Petitioner's case. Counsel learned this information from the Petitioner's mother and not from the State. The trial court noted, for the record, that Investigator Chunn was indicted in 2018.

The Petitioner testified that he did not understand the length of jail time he faced if convicted at trial. The Petitioner stated that Counsel talked with him "a little bit" about sentencing but that he was confused by the two different indictments. The Petitioner agreed that he felt like he had a role in the decision-making about whether to proceed to trial and stipulate to the evidence of the controlled buys or allow the State to dismiss and indict again adding new charges.

In a subsequent written order, the post-conviction court denied relief. It is from this judgment that the Petitioner appeals.

## II. Analysis

On appeal, the Petitioner argues that Counsel was "rendered" ineffective when placed in the untenable position of having to determine whether to stipulate to undisclosed prejudicial evidence against the Petitioner or to place the Petitioner in the position of potentially facing harsher punishment. The Petitioner further contends that Counsel was "rendered" ineffective because the State failed to disclose information pertaining to the criminal investigation of Investigator Chunn. The State responds that the post-conviction court properly denied post-conviction relief.

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. T.C.A. § 40-30-103 (2014). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. T.C.A. § 40-30-110(f) (2014). Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999) (citing *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997)). A post-conviction court's factual findings are subject to a *de novo* review by this Court; however, we must accord these factual findings a presumption of correctness, which can

be overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. *Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely de novo review by this Court, with no presumption of correctness. *Id*. at 457.

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9, of the Tennessee Constitution. *State v. White*, 114 S.W.3d 469, 475 (Tenn. 2003); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). The following two-prong test directs a court's evaluation of a claim for ineffectiveness:

> First, the [petitioner] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable. Unless a [petitioner] makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also State v. Melson*, 772 S.W.2d 417, 419 (Tenn. 1989).

In reviewing a claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. *Baxter*, 523 S.W.2d at 936. To prevail on a claim of ineffective assistance of counsel, "a petitioner must show that counsel's representation fell below an objective standard of reasonableness." *House v. State*, 44 S.W.3d 508, 515 (Tenn. 2001) (citing *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996)).

When evaluating an ineffective assistance of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. *Strickland*, 466 U.S. at 690; *State v. Mitchell*, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The reviewing court should avoid the "distorting effects of hindsight" and "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 689-90. In doing so, the reviewing court must be highly deferential and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Burns*, 6 S.W.3d at 462. Finally,

we note that a defendant in a criminal case is not entitled to perfect representation, only constitutionally adequate representation. *Denton v. State*, 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). In other words, "in considering claims of ineffective assistance of counsel, 'we address not what is prudent or appropriate, but only what is constitutionally compelled.'" *Burger v. Kemp*, 483 U.S. 776, 794 (1987) (quoting *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984)). Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). "'The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation.'" *House*, 44 S.W.3d at 515 (quoting *Goad*, 938 S.W.2d at 369).

If the petitioner shows that counsel's representation fell below a reasonable standard, then the petitioner must satisfy the prejudice prong of the *Strickland* test by demonstrating "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002). This reasonable probability must be "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Harris v. State*, 875 S.W.2d 662, 665 (Tenn. 1994).

The Petitioner claims that Counsel was "rendered" ineffective when the State proposed that the Petitioner stipulate to admission of the controlled buys or face additional charges in a subsequent indictment. The Petitioner did not raise this issue in his petition for post-conviction relief as an ineffective assistance of counsel claim. He did claim that the State committed prosecutorial misconduct by engaging in vindictive behavior. Consequently, the post-conviction court addressed this issue as a claim of prosecutorial misconduct. In its ruling denying relief, the post-conviction court stated, "Trial counsel is not responsible for actions of the attorneys for the State." The post-conviction court further recognized the various motions and appellate issues raised by Counsel on the Petitioner's behalf. Finally, the post-conviction court noted that the issue of prosecutorial misconduct had been reviewed on direct appeal and thus "previously determined."

Our review of the record reveals that, on the day of trial, Counsel was presented with the State's proposition that the defense either stipulate to evidence of previous unindicted controlled buys or the State would seek dismissal of the case and re-indict the Petitioner with additional charges. Counsel effectively argued the Petitioner's difficult position to the trial court and was allowed time to discuss the options with the Petitioner. The Petitioner and Counsel spent about an hour discussing the options, and the Petitioner ultimately determined not to stipulate to admission of the previous unindicted controlled

buys. After the new indictment, Counsel filed a motion to dismiss the new indictment based upon "a denial of right to a speedy trial, a violation of due process rights, and vindictive prosecution," but the trial court denied the motion. We agree with the post-conviction court that Counsel is not responsible for the actions of the prosecutors and ,therefore, we conclude that the Petitioner has failed to carry his burden of showing that Counsel was deficient in how she responded to and addressed the State's proposal, dismissal, and new indictment. We also agree with the post-conviction court that this issue was raised in the Petitioner's direct appeal and thus, has been previously determined.

The Petitioner also argues on appeal that Counsel was "rendered" ineffective when the State failed to disclose a criminal investigation of Investigator Chunn. The State correctly notes that the Petitioner failed to raise this issue in his petition and, therefore, the post-conviction court was not afforded the opportunity to address it. As a general rule, this court will not address post-conviction issues that were not raised in the petition or addressed in the trial court. *Brown v. State*, 928 S.W.2d 453, 457 (Tenn. Crim. App. 1996) (citing *State v. Smith*, 814 S.W.2d 45, 49 (Tenn. 1991)); *see David Lynn Jordan v. State*, No. W2015-00698-CCA-R3-PD, 2016 WL 6078573, at *65 (Tenn. Crim. App. Oct. 14, 2016); *Richard Price v. State*, No. W2012-02192-CCA-R3-PC, 2014 WL 1512861, at *3 (Tenn. Crim. App. Apr. 16, 2014), *no perm. app. filed*; *Patrick Thurmond v. State*, No. M2005-00214-CCA-R3-PC, 2006 WL 680924, at *7 (Tenn. Crim. App. Mar. 15, 2006), *perm. app. denied* (Tenn. Aug. 21, 2006); *Torry Caldwell v. State*, No. 01C01-9703-CC-00115, 1999 WL 97915, at *2 (Tenn. Crim. App. Feb. 18, 1999), *perm. app. denied* ( Tenn. June 28.1999). This court has likewise refused to review an issue when it was first raised at the post-conviction hearing, the evidence regarding the issue was "not developed in any meaningful way," and the issues was not ruled upon by the post-conviction court. *Oscar Polk, Jr., v. State*, No. W2018-01072-CCA-R3-PC, 2019 WL 911156, at *3 (Tenn. Crim. App. Feb. 15, 2019) (concluding that the issue was waived when it was absent from the petition, not ruled upon by the post-conviction court, and not meaningfully developed), *no. perm. app. filed*.

Although the Petitioner failed to raise this issue in his petition, there was some testimony at the hearing about the criminal investigation of Investigator Chunn. In our view, however, the issue was not developed in a "meaningful way." There is little evidence about the investigation and no evidence as to whether there was any overlap between the time of the Petitioner's crimes and the investigation of Investigator Chunn. We agree with the State that the Petitioner has waived our review for failure to raise it in his petition. Notwithstanding waiver, the Petitioner failed to carry his burden of proof in showing that Counsel was deficient in this regard and how that deficiency prejudiced him. The Defendant is not entitled to relief as to this issue.

### III. Conclusion

After a thorough review of the record and relevant authorities, we conclude that the post-conviction court properly denied post-conviction relief. Accordingly, we affirm the judgment of the post-conviction court.

_____
ROBERT W. WEDEMEYER, JUDGE